# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:15-md-2633-SI |
| This Document Relates to All Actions. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). All capitalized terms not otherwise defined have the meanings set forth in the Settlement Agreement (ECF. 273-1) ("Settlement").

The Court, having previously entered the Order Preliminarily Approving Class Action Settlement and Notice Procedures and Setting Final Approval Hearing ("Preliminary Approval Order"), dated July 29, 2019, in which the Court preliminarily approved the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class; preliminarily certified the Settlement Class; designated Representative Plaintiffs and Class Counsel; appointed a Settlement Administrator; approved the forms and methods of disseminating information about the Settlement and requested attorney's fees, costs, and service awards and found them to constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the

matters set forth in the notices to all persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules; established procedures for Class Members to make claims, opt out, or object to the Settlement and requested attorney's fees, costs, and service awards; established deadlines for the filing of a motion for final approval of the Settlement and motion for attorney's fees, costs, and service awards; and scheduled a Final Approval Hearing for March 2, 2020, for the Court to determine whether the Settlement should be finally approved and judgment entered thereon;

The Final Approval Hearing having been held on March 2, 2020, after notice to the Class, and the Court having fully considered Plaintiffs' Motion for Final Approval of Class Action Settlement and Memorandum in Support, as well as the submissions in support thereof, and all papers filed or submitted to the Court in connection with the proceedings in these actions, and good cause appearing therefor;

THE COURT HEREBY ORDERS AND FINDS AS FOLLOWS:

1.      The Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction over the Claims asserted and all matters that relate to the Settlement, and venue is proper.

2.      The Settlement is finally approved as being a fair, reasonable, and adequate class action settlement.  The Court further finds that the Settlement was the result of arm's-length negotiations conducted after Class Counsel adequately investigated the claims of the named Plaintiffs and the Class and became familiar with the strengths and weaknesses of the claims in the Litigation, and the risks attendant to continued prosecution of those claims.  The assistance of experienced mediators in the settlement process further supports the Court's conclusion that the

Page 2 –      ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
              SETTLEMENT

Settlement is fair.  The Settlement also offers substantial benefits to the Class.  The Settlement

fully satisfies the requirements set forth in Federal Rule of Civil Procedure 23(e)(2), and the

Parties are directed to consummate and implement the Settlement in accordance with its terms

and provisions.

        3.      The Court confirms the certification, pursuant to Federal Rules of Civil Procedure

23(a) and (b)(3) and for settlement purposes only, of the following class in *In re Premera Blue*

*Cross Customer Data Security Breach Litigation,* Case No. 3:15-md-2633-SI:

> All persons in the United States whose Personal Information was stored on
>
> Premera's computer network systems that was compromised in the Security
>
> Incident as publicly disclosed on March 17, 2015.  Excluded from the Settlement
>
> Class are: (1) the Judge presiding over the Action, and members of his family;
>
> (2) Premera, its subsidiaries, parent companies, successors, predecessors, and any
>
> entity in which Premera or its parents have a controlling interest and their current
>
> or former officers and directors; (3) Persons who properly execute and submit a
>
> request for exclusion prior to the expiration of the Opt-Out Period; and (4) the
>
> successors or assigns of any such excluded Persons.

        4.      Plaintiffs, and Class Counsel, have fairly and adequately represented the Class

throughout the Litigation.

        5.      The Parties have fully implemented the procedures for notice to the Class

pursuant to the Settlement and the Preliminary Approval Order, with the exception of posting

Plaintiffs' Motion and Supporting Memorandum For an Award of Attorney's Fees and Expenses

and for Representative Plaintiff Service Award and its supporting documentation on the

settlement website before the deadline for class member objections, although it was filed in the Court's docket before that deadline.[1]

6.     The Court confirms that the form and content of the Summary Notice, Long Form Notice, Publication Notice, and Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances, fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members with adequate time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.

7.     The Court finds that 15 objections have been submitted by Class Members.  The Court has considered the objections to the Settlement and attorney's fee motion.  The objections are overruled.

8.     The Court finds that 823 Class Members submitted Requests for Exclusion. Those persons (listed on Attachment 1 to the Second Supplemental Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Settlement Notice Plan (ECF 301)) are excluded from the Class and are not bound by the Settlement or any of the terms or provisions contained therein.

9.     The Court further finds that the Claim Form was not unduly burdensome for Class Members to complete, the claims process as set forth in the Settlement was reasonable and

---

[1] This issue is addressed more specifically in the Court's Order Granting Motion for Attorney's Fees, Costs, and Service Award, filed concurrently herewith.

Page 4 –     ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

appropriate, and the plan to distribute money and/or credit monitoring and insurance services from the Qualified Settlement Fund to eligible Class Members who submitted valid Claim Forms is in all respects fair, reasonable, and adequate, and is approved. The Settlement Administrator is authorized to proceed with the distribution of benefits to eligible Class Members as set forth in the Settlement.

10.     The Parties are authorized to implement the terms of the Settlement.

11.     All complaints filed by Plaintiffs in the Litigation are hereby dismissed with prejudice, without fees, costs, or disbursements to any Party except as provided in the Settlement and by Court order.

12.     As provided in the Settlement, the Representative Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties. The releases and covenant not to sue set forth in the Settlement and reflected in this Order have the scopes provided for in the Settlement. Those persons who have validly submitted Requests for Exclusion are not bound by the releases or the covenant not to sue set forth in the Settlement and reflected in this Order.

13.     The Court finds that the Parties and their attorneys have complied with the requirements of Federal Rule of Civil Procedure 11 throughout the Litigation.

14.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be, may be offered or received as evidence in any action or proceeding, or may be used in any way as an admission, concession, or evidence of any liability (or lack thereof) or wrongdoing (or lack thereof) of any nature on the

part of the Releasees, and will not be construed as, or deemed to be evidence of, an admission or concession that the Plaintiffs or Class Members have or have not suffered any damage.

15.     Without affecting the finality of this Order, the Court hereby reserves continuing and exclusive jurisdiction over all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement, the Final Approval Order and Judgment, any final order approving the Fee and Expense Award and service awards, and for any other purpose.

16.     The Court shall enter a judgment consistent with this Order.

The Court directs the Clerk of the Court to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

IT IS SO ORDERED this 2nd day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge